JOSEPH P. SAMPSON, RESPONDENT, *v.* THE BUFFALO, NEW YORK AND PHILADELPHIA RAILWAY COMPANY, APPELLANT.

*Notice of lien by laborers and material-men against railroad company — what must be shown to establish lien — Chap. 402 of 1854 and 529 of 1870.*

One Robertson entered into a contract with the defendant, a railroad company, to construct forty-seven miles of its road, and thereafter entered into a contract with one McGraw, by which the latter agreed to construct a portion thereof. Subsequently, McGraw having failed to pay his laborers and others who had furnished materials, the latter filed notices as provided by section 4 of chapter 402 of the Laws of 1854, as amended by section 1 of chapter 529 of 1870, and to foreclose these this action was brought against the company and McGraw. At the time the notices were filed nothing was due to McGraw.

*Held,* that as nothing was due to McGraw at the time the notices were filed, the company were not liable to pay the amounts therein set forth.

That, to render the company liable, it must also be shown that it was, at the time of the filing of the notices, indebted to Robertson on its contract with him.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*Sherman S. Rogers*, for the appellant.

*Leverett Spring* and *Thomas Corbett*, for the respondent.

MULLIN, P. J.:

On the 4th of August, 1870, the Buffalo, New York and Philadelphia Railway Company, entered into a contract with one David Robertson, to furnish the materials and build and complete said company's road from South Wales to Olean, a distance of forty-seven miles, according to specifications annexed to said contract, the work to be completed prior to the 1st September, 1871, for which said company agreed to pay $19,500 per mile, to be paid monthly, between the first and tenth of each month, after the commencement of the work, for the work done in the preceding month, less ten per cent, which the company had the right to retain until the completion of the work; but the right to retain the ten per cent terminated when the amount reserved amounted to $25,000.

On the 30th March, 1871, Robertson entered into a sub-contract with the defendant McGraw, for the construction of a section of said road about two and a-half miles in length, the work to be finished by July 1, 1871. Within the portion of the road to be made by McGraw there was a bridge to be built across the Cattaraugus creek, with the necessary embankments. McGraw entered upon the performance of the work and employed sundry persons to aid in building the bridge. On the 11th of December, 1871, he was indebted to some of them in divers sums of money, and on the sixteenth of December of the same year, and on the 5th, 10th and 22d of January, 1872, he was indebted to divers other persons for work on said bridge and materials furnished therefor. At the dates last above mentioned the persons, so doing work and furnishing materials, filed in the office of the town clerk of the town in which the bridge was situated, the notices required by section 4 of chapter 402 of the Laws of 1854, as amended by section 1 of chapter 529 of the Laws of 1870, setting forth, that McGraw was indebted to each of them for the amount by them severally stated, for work done and materials furnished in building

said bridge. The claims were all assigned to the plaintiff and by him owned when this action was commenced. This action is brought to enforce such claims.

McGraw owed the debts for which liens were sought, and it was from the money due to him that they could require payment. The railroad company owed McGraw nothing; they had made no contract with him to build the road or furnish the materials for it or any part of it. The company's contract was with Robertson, and Robertson was liable over to McGraw. It does not appear that Robertson owed McGraw any sum whatever at the time the notices of liens were filed, nor what amount of work McGraw had done on, or what amount of materials he had furnished for, the bridge or the railway. The claimants could have no lien on either the bridge or railway unless money was due from Robertson to McGraw. That fact was not proved, and the failure to prove is fatal to the judgment.

Again, on the facts stated in the case, it appears that when the notices of liens were filed the defendant owed nothing to Robertson; on the contrary, he had been largely overpaid for what he had done under the contract up to that time. On the 1st December, 1871, the amount of the work, etc., done, was $596,060.34; on the 1st January, 1872, $631,925.56; on the 13th May, 1872, $696,488.01. On and prior to the thirteenth May, he had been paid by the defendant $971,165.27, or $274,667.26 more than all the work done and material furnished by him came to. On the 13th May, 1872, Robertson abandoned the contract and the defendant proceeded to finish the work. Between the time of filing the notices of liens and the time Robertson abandoned the contract some $40,000 were paid to Robertson, but in the absence of all evidence repelling the inference necessarily arising from the overpayment to Robertson by defendants the plaintiff is not entitled to benefit from the payments between the time of filing the notices and the abandonment by Robertson of the contract. The payments thus made must be deemed to be advances to Robertson and not as payments of a debt actually due. It is quite probable that there was evidence before the referee showing that the money thus paid was paid in satisfaction of a debt, but as it stands the defendants had paid more than all it was owing to Robertson before the notices were filed and, hence, the claimants acquired no lien on the bridge or railway.

It is due to the parties that the case should be again tried when their real or apparent difficulties can be removed. The receipts given to the defendant by Robertson would seem to show that the $40,000 was paid him for work, etc., but the overpayment is established by equally conclusive, if not more conclusive, evidence that Robertson was largely overpaid. The plaintiff's counsel gave no proof in explanation of this conflict in the evidence, and it should be ascertained which of the propositions thus apparently proved is the correct one.

New trial granted before another referee, costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment reversed and new trial granted before another referee, costs to abide event.